UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:12-CV-01037-CAS | Date | April 14, 2015 |
| Title | IN RE: MARGARITA RIOS | | |

Bankruptcy No.: 9:11-bk-11371 RR; Adversary No. 9:11-ap-01297 RR

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): APPEAL FROM BANKRUPTCY COURT (dkt. 8, filed October 19, 2012)

The Court finds this appeal appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.   INTRODUCTION

Before the Court is Margarita Rios' ("Rios") appeal from an adversary proceeding in the United States Bankruptcy Court for the Central District of California ("the bankruptcy action"). Specifically, Rios appeals the Bankruptcy Court's January 2012 dismissal of her adversary complaint against creditor Wells Fargo Bank, N.A. ("Wells Fargo"), and the law firm that filed a proof of claim in the bankruptcy action on Well's Fargo's behalf, Barrett Daffin Frappier Treder & Weiss ("BDFTW"). Rios filed her appeal in this Court on October 19, 2012. Dkt. 8. Appellee BDFTW replied on August 8, 2013, dkt. 16, and appellee Wells Fargo replied on August 29, 2013, dkt. 19.

## II.   BACKGROUND

This cases arises from the non-judicial foreclosure of property located at 1816 N. C Street, Oxnard, California 93030 ("the subject property"). In July 2004, appellant executed a first deed of trust in favor of World Savings Bank, FSB ("World Savings") against the subject property in the amount of $252,000. In October 2007, appellant took out an equity line of credit for up to $200,000, and recorded a second deed of trust against the subject property. Rios stopped making payments on the line of credit in February 2009, prompting Wells Fargo to initiate a non-judicial foreclosure. Rios subsequently filed for bankruptcy in March 2011. The bankruptcy action was converted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:12-CV-01037-CAS | Date | April 14, 2015 |
| Title | IN RE: MARGARITA RIOS | | |

several times, but ultimately closed without entry of discharge in February 2012 as a Chapter 7 action.

On July 8, 2011, appellee BDFTW, acting as counsel for Wells Fargo, filed a proof of claim in the bankruptcy action with respect to Wells Fargo's first deed of trust encumbering the subject property. On September 8, 2011, Rios filed an adversary complaint against both Wells Fargo and BDFTW, objecting to Well's Fargo's proof of claim, seeking declaratory and injunctive relief, requesting an accounting of and credit for third party payments, and demanding that Wells Fargo produce the original promissory note ("the note") on Rios' loan. Both Wells Fargo and BDFTW moved to dismiss the adversary complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Following a hearing, the Bankruptcy Court granted both motions in January 2012.

On appeal, Rios only appears to contest the Bankruptcy Court's failure to require the production of the original note. In so doing, appellant relies on the same theory rejected by the Bankruptcy Court—namely, that Wells Fargo's proof of claim must be dismissed because Wells Fargo did not proffer the "wet ink" note before foreclosing on the subject project.[1] For the reasons stated below, the decision of the Bankruptcy Court is AFFIRMED.

### III.   LEGAL STANDARD

A district court has jurisdiction to hear appeals from final judgments, orders, or decrees of the bankruptcy court. 28 U.S.C. § 158(a). When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. In re Webb, 954 F.2d 1102, 1103–04 (5th Cir.1992). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy court's dismissal for failure to state a claim under Rule 12(b)(6) is reviewed de novo, Blyler v. Hemmeter (In Re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001), and may be affirmed on any ground supported by the record. United States v. Washington, 573 F.3d 701, 706 (9th Cir. 2009).

---

[1] "Wet ink" refers to the original agreement that was signed in pen by appellant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:12-CV-01037-CAS | Date | April 14, 2015 |
| Title | IN RE: MARGARITA RIOS | | |

## IV.   ANALYSIS

As explained above, Rios argues that the Bankruptcy Court's dismissal of her adversary complaint must be reversed because Wells Fargo failed to produce the "wet ink" promissory note for her loans. According to Rios, absent such production, Wells Fargo is not the legal holder of the note and thus has no right to enforce the deed of trust against the subject property.

As a preliminary matter, it is well established that there is no requirement under California law that a lender produce the "wet ink" note. Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D. Cal 2010) ("Without citation, Plaintiff also argues that Defendants must produce an original copy of the note in 'wet ink.' However, California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust.") (internal citations and quotations omitted); Nool v. Homeq Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) ("There is no requirement that the party initiating foreclosure be in possession of the original note."); Castaneda v. Saxon Mortgage Servs., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) ("Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure."). Indeed, non-judicial foreclosure in California is governed by a comprehensive statutory scheme with an exhaustive list of procedural requirements that must be satisfied by foreclosing lenders. I. E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285-86 (1985) ("The statutory provisions regulating the non judicial foreclosure of deeds of trust are contained in [California Civil Code] sections 2924-2924i. These provisions cover every aspect of exercise of the power of sale contained in a deed of trust."). None of these statutory provisions state, or even suggest, that production of a "wet ink original promissory note" is a prerequisite to foreclosure by trustee's sale, or to a lender's assertion of a proof of claim supported by a deed of trust securing a loan and recorded against real property.

Moreover, the Bankruptcy Court correctly concluded that appellee Wells Fargo, as the successor in interest to World Savings, was the legal holder of the note with all attendant rights of enforcement. A deed of trust involves three parties: the lender, the borrower, and a trustee. In a typical situation, the borrower accepts money from the lender in exchange for a promissory note to repay. In order to protect the lender from a risk of default, lenders often require that the note be secured by another asset of value. In a mortgage, the borrower secures the promissory note with the deed to the home, which is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:12-CV-01037-CAS | Date | April 14, 2015 |
| Title | IN RE: MARGARITA RIOS | | |

transferred to a trustee.  The trustee holds the deed until the loan is discharged, at which time the deed is transferred to the borrower, or until a default occurs, at which time the deed is transferred to the lender for a foreclosure and sale.  <u>See</u> <u>generally</u> 4 Witkin, <u>Summary Cal. Law</u>, <u>Security Transactions in Real Property</u> § 5 (10th ed. 2005).

      The first lender is considered the holder of the note.  Any such holder has the right to enforce the note.  When a business entity is the successor in interest to the first lender, that entity becomes the holder of the note with all the associated rights, including enforcement.  Cal. Corp. Code § 1107(a) ("Upon merger . . . the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations . . . as if the surviving corporation had itself incurred them."); <u>see also</u> <u>In re Gonzalez</u>, 456 B.R. 429, 435 (Bankr. C.D. Cal. 2011) <u>rev'd on other grounds</u>, 2012 WL 8262445 (C.D. Cal. June 14, 2012) ("Another example [of a transfer by operation of law] is a merger of corporations under California law, where the surviving corporation succeeds to all of the disappearing corporation's property 'without other transfer.' ").  Thus, if Wells Fargo proffered evidence to the Bankruptcy Court demonstrating that it was a successor in interest to World Savings, then Wells Fargo was properly considered a holder of Rios' note with a right to enforcement.  Cal. Civ. Proc. Code § 725a ("[O]r if there be a successor or successors in interest of such beneficiary, trustee or mortgagee, then such successor or successors in interest, *shall have the right to bring suit to foreclose the same* in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property.") (emphasis added).

      Here, both deeds of trust securing the subject property were executed in favor of "World Savings, FSB, its successors and/or assignees."  To prove that it was the successor to Word Savings, Wells Fargo provided the Bankruptcy Court with a printed copy of World Savings' corporate history, accessed from the Federal Deposit Insurance Corporation's ("FDIC") website.  In the January 2012 hearing, the Bankruptcy Court judicially noticed these records, which clearly identified Wells Fargo as World Savings' current successor in interest to Rios' note.

      Accordingly, Rios' appeal turns upon whether the Bankruptcy Court properly took judicial notice of the FDIC records.  Pursuant to Rule 201 of the Federal Rules of Evidence, an adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:12-CV-01037-CAS | Date | April 14, 2015 |
| Title | IN RE: MARGARITA RIOS | | |

court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court concludes that the Bankruptcy Court properly took judicial notice of the documents proffered by Wells Fargo. The FDIC has been, and remains, a generally accepted source of banking information in the United States "whose accuracy cannot reasonably be questioned." The FDIC website, like those of other federal agencies, may be used as the direct source of judicially noticeable facts. See Allen v. United Financial Mortgage Corp., 660 F. Supp. 2d 1089, 1093-1094 (N.D. Cal. 2009) (taking judicial notice of J.P. Morgan's purchase assumption agreement because it was "available online, from the FDIC's web site."); see also O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). Moreover, a court may judicially notice "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Accordingly, because the Bankruptcy Court properly took judicial notice of the FDIC records, it did not err when it concluded—on the basis of those records—that Wells Fargo was the legal holder of appellant's note with the attendant right to enforce the deed of trust in the bankruptcy proceedings.

## V.    CONCLUSION

In accordance with the foregoing, the Court concludes that the Bankruptcy Court correctly determined that defendants were entitled to dismissal of the adversary complaint for failure to state a claim. The Court therefore AFFIRMS the Bankruptcy Court's dismissal in favor of appellees.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |